Soyza v. Garland
BIA
Hom, IJ
A205 901 198

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May, two thousand twenty-three.

PRESENT:
> JOSÉ A. CABRANES,
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> *Circuit Judges.*

---

GIHAN SUNIMAL WIJEMUNI SOYZA,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

20-4124
NAC

---

| | |
|---|---|
| **FOR PETITIONER:** | Visuvanathan Rudrakumaran, New York, NY. |
| **FOR RESPONDENT:** | Brian M. Boynton, Assistant Attorney General; Jonathan A. Robbins, Sherease Pratt, Senior |

Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and GRANTED in part.

Petitioner Gihan Sunimal Wijemuni Soyza, a native and citizen of Sri Lanka, seeks review of a November 9, 2020, decision of the BIA affirming a June 25, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gihan Sunimal Wijemuni Soyza,* No. A 205 901 198 (B.I.A. Nov. 9, 2020), *aff'g* No. A 205 901 198 (Immig. Ct. N.Y. City June 25, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are

conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factfinding for substantial evidence and questions of law de novo).

Soyza alleged that officers in the Sri Lankan navy arrested, beat, and interrogated him because they suspected he was helping his employer, a wealthy and influential fisherman named Kingsley Silver, transport alleged terrorists (the Liberation Tigers of Tamil Elam ("LTTE")) from a refugee camp in Sri Lanka. As set forth below, we find no abuse of discretion in the IJ's exclusion of late-filed evidence, and we deny the petition as to asylum and withholding for lack of nexus to a protected ground. We remand for further consideration of the CAT claim.

I. Late-filed Evidence

The IJ did not abuse his discretion by excluding Soyza's late-filed evidence. Soyza filed this evidence beyond the February 2018 deadline set by the IJ. IJs have broad discretion to set filing deadlines and may deem the opportunity to file documents waived when deadlines are not

3

met.  *See* 8 C.F.R. § 1003.31(h); *Matter of Jesus Interiano-Rosa*, 25 I. & N. 264, 265-66 (B.I.A. 2010) (discussing IJ's authority to deem opportunity to file supporting documents waived); *see also Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006) ("IJs are accorded wide latitude in calendar management, and we will not micromanage their scheduling decisions.").  Because Soyza had notice of the deadline and more than a year to compile his evidence, the IJ did not abuse his discretion in declining to consider the late-filed evidence.  *See Dedji v. Mukasey*, 525 F.3d 187, 191-92 (2d Cir. 2008) (reviewing rejection of late-filed evidence for abuse of discretion).

II. Asylum and Withholding of Removal

Soyza had to demonstrate that "one central" motivation for his arrest was his persecutors' belief that he supported the LTTE.  8 U.S.C. § 1158(b)(1)(B)(i); *see also Quituizaca v. Garland*, 52 F.4th 103, 109-14 (2d Cir. 2022) (holding that the "one central reason" standard applies to both asylum and withholding of removal).  Substantial evidence supports the agency's conclusion that he failed to establish a nexus.  *See Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir. 2006)

(reviewing nexus determination for substantial evidence).

Soyza testified he piloted a fishing trawler and after the war with the LTTE ended in 2009, his employer required him to illegally transport displaced people from refugee camps. Soyza testified that he believed he was transporting displaced people, not terrorists, and that he knew the activity was illegal. When he was arrested by the navy, Soyza explained that he did not know the people he was transporting were linked to the LTTE, but he was arrested because transporting displaced people is a criminal act. He testified that he was released when he gave up Silver's name. Based on this evidence, the agency reasonably concluded that he did not establish that the navy was motivated by a belief that he supported the LTTE, but rather arrested him because of the illegal activity and to discover who employed him. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) (requiring "direct or circumstantial evidence" of persecutors' motivation); *Chun Gao v. Gonzales*, 424 F.3d 122, 130 (2d Cir. 2005) (holding that applicant has "burden . . . to show that his persecutors actually imputed a political opinion to him" (quotation marks omitted)). Soyza's argument

5

that the agency failed to perform a mixed motive analysis fails because the agency considered why he was arrested and the evidence reflected that he was intercepted for engaging in criminal activity and beaten to obtain his employer's name, not because he was suspected of supporting terrorists. *See In re J-B-N- & S-M-*, 24 I. & N. Dec. 208, 214 (B.I.A. 2007) (A protected ground "cannot be incidental, tangential, superficial, or subordinate to another reason for harm."); *see also Chun Gao*, 424 F.3d at 130 (burden on applicant to prove opinion was imputed).

III. CAT claim

We do not reach a conclusion regarding the ultimate merit of Soyza's CAT claim, but remand for further consideration by the agency given the lack of clarity and errors in the IJ's decision.  A successful CAT claim requires a showing that the applicant will "more likely than not" be tortured by or with the acquiescence of government officials. *See* 8 C.F.R. §§ 1208.16(c), 1208.17(a).  "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a

confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." *Id.* § 1208.18(a)(1).[1] "In assessing whether it is more likely than not that an applicant would be tortured" the agency "shall" consider "all evidence relevant to the possibility of future torture . . . including, . . . "[e]vidence of past torture inflicted upon the applicant," ability to relocate within the country, "[e]vidence of gross, flagrant or mass violations of human rights within the country of removal," and "[o]ther relevant information regarding conditions in the country of removal." *Id.* § 1208.16(c)(3).

In denying CAT relief, the IJ stated that Soyza "claimed he was mistreated during interrogation" but there was "no evidence to show that [he] was a victim of torture before his

---

[1] Citations are to the version of the regulations in force at the time of the agency's decisions.

departure." This statement does not explain how Soyza's testimony about his beating by naval officers to obtain information about alleged crimes did not rise to the level of torture. *See* 8 C.F.R. § 1208.18(a)(1) (defining torture). The IJ compounded the error by stating there was no evidence that Soyza "suffered torture by [the government's] acquiescence" even though Soyza testified he was beaten by members of the military. The IJ may have intended to make an adverse credibility determination, but the credibility section of the IJ's decision does not identify grounds for finding Soyza not credible and the conclusion of the credibility analysis is incoherent. *See* Certified Admin. Record at 38 ("The court did not find the respondent's claim that he was persecuted based upn an impute claim of persecution as he was suspected to the a LTTE supporter."). While the BIA and the Government take the position that Soyza waived his CAT claim on appeal, he flagged the IJ's improper reliance on credibility grounds. Given the BIA's failure to address that point and the obvious problems with the IJ's decision, we remand for further consideration of the CAT claim. *See Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir.

2005) ("requir[ing] a certain minimum level of analysis from the IJ and BIA opinions denying asylum . . . if judicial review is to be meaningful").

For the foregoing reasons, the petition for review is DENIED in part as to asylum and withholding of removal and GRANTED in part and remanded for further consideration of the CAT claim. All pending motions and applications are DENIED and stays VACATED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court